NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3906
_____

UNITED STATES OF AMERICA

v.

DARNELL YOUNG,
a/k/a Darnell Monique Young
a/k/a Darnell Young-Hameed
a/k/a Darnell Monique Young Living Trust
a/k/a Darnell Issamadeen
a/k/a Queen a/k/a Sistah D

Darnell Young,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-15-cr-00563-002
District Judge: Honorable Timothy J. Savage

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 19, 2018

Before: SMITH, *Chief Judge,* HARDIMAN, and ROTH, *Circuit Judges*

(Opinion Filed: May 31, 2018)

_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

Darnell Young pleaded guilty to five counts of a multi-count indictment: conspiring to defraud the United States in violation of 18 U.S.C. § 371; converting government property in violation of 18 U.S.C. § 641; bank fraud in violation of 18 U.S.C. § 1344; interfering with the administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a); and passing a false and fictitious document that purported to be an actual security or financial instrument issued under the authority of the United States in violation of 18 U.S.C. § 514(a)(2). These charges were based on a fraudulent scheme carried out by Young, her paramour Steven Hameed, and another conspirator. The scheme began with the execution and filing of various documents with the Recorder of Deeds of Delaware County, Pennsylvania, which indicated that Young and Hameed owned real property that was actually owned by the United States Department of Housing and Urban Development (HUD). Young and Hameed then moved into the HUD property, living there from February 2010 to November 2012.

Young and her conspirators engaged in similar conduct for more than fifty other parcels that were actually owned by HUD and more than twenty properties owned by Wells

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Fargo Bank, successfully renting some of the property to third parties. In addition, the conspirators created 273 fraudulent 1099-DIVs and 1099-INTs, representing that various government officials and employees had received significant dividend or interest income. These documents were filed with the IRS. Young and Hameed also tried to purchase a building using a false and fictitious document that appeared to be an actual security or financial instrument authorized by the United States Treasury.

Prior to trial, the District Court granted motions in limine to bar any party from raising at trial that the defendants were "sovereign citizens." Within days of that ruling, Young pleaded guilty pursuant to a written plea agreement containing an appellate waiver. The waiver preserved Young's right to challenge the District Court's determination that it had subject matter jurisdiction in the criminal action and the Court's in limine ruling that precluded argument to the jury that would refer to the defendants as "sovereign citizens." At sentencing, the District Court not only reduced Young's offense level by reducing the amount of loss and the mass marketing enhancement, it also granted Young's motion to depart downward on the basis that her criminal history category overstated the seriousness of her previous criminal conduct. In addition, the Court granted a downward variance and imposed a sentence of 40 months of imprisonment. This timely appeal followed.[1]

Counsel filed an *Anders* brief, contending there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel correctly

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

points out that following Young's guilty plea, Young's appeal is limited to challenging whether she could be haled into court on the charges in the indictment, whether her guilty plea was valid, and whether her sentence was unlawful. *See United States v. Broce*, 488 U.S. 563, 570–75 (1989).

We agree with counsel that the record before us demonstrates that the District Court fully complied with the requirements of Federal Rule of Criminal Procedure 11 and *Boykin v. Alabama*, 395 U.S. 238, 242–244 (1969). We also conclude that the District Court satisfied the requirements of Federal Rule of Criminal Procedure 32 and this court's three-step sentencing process set out in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Given the District Court's favorable rulings in calculating Young's guideline range and its generous downward variance, there is no basis for challenging the substantive reasonableness of the sentence of 40 months' imprisonment.

Finally, we address Young's pro se brief.[2] It asserts, *inter alia*, that the District Court "lacked jurisdiction to hear, convict, or bring any case in this fraudulently contrived Constructive Trust Case Matter" and generally refers to her status as a foreign sovereign immune from suit. Arguably, the issues raised in her brief fall within the exception contained within the appellate waiver. There is, however, no merit to her challenge. The District Court had jurisdiction to adjudicate this criminal action under 18 U.S.C. § 3231.

---

[2] Under Third Circuit L.A.R. 109.2(a), when counsel files a motion to withdraw and a supporting brief under *Anders*, the appellant may file pro se a brief in response.

4

Her brief presents no authority establishing otherwise. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

In sum, our review of the record confirms that counsel has met her obligations under *Anders*. We are satisfied that counsel thoroughly examined the record for issues of arguable merit. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Our own review of the record fails to reveal any non-frivolous issues to appeal.

Accordingly, we will affirm the District Court's judgment. Furthermore, we grant counsel's motion to withdraw. We certify that the issues presented in the appeal lack legal merit and do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b). In addition, we acknowledge Young's motions to dismiss the case and vacate judgment, to stay execution of sentence based on a coerced guilt[y] plea bargain, to dismiss for lack of subject matter, and for relief and intervention of assistance. We deny those motions because the arguments therein have already been considered in our discussion of counsel's *Anders* brief and Young's pro se brief.